**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOAN M. ALTEMUS,

    Plaintiff,

v.                                       CASE NO: 8:07-cv-483-T-26MAP

HARTFORD LIFE INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

    Before the Court is Defendant's Dispositive Motion for Summary Judgment (Dkt. 11) on the denial of long term disability benefits under ERISA, and Plaintiff's Motion for Stay in view of the recent bankruptcy case filing in the State of Washington. (Dkt. 17). The Court requires further briefing before ruling on either of these motions. Upon due consideration of the present status of this case, the Court orders the following legal memorandum and response:

    (1)  Plaintiff shall file **on or before Friday, March 21, 2008**, a substantive memorandum addressing the issue of whether the long term disability benefits sought in this action are property of the bankruptcy estate under the applicable law of the State of Washington and the United States Bankruptcy Court of the Western District of

Washington, in view of the fact that Plaintiff as debtor filed her bankruptcy case in Washington, not Florida.[1]

(2)   Plaintiff shall file **on or before Friday, March 21, 2008**, a substantive response to Defendant's Dispositive Motion for Summary Judgment, regardless of her position on whether the long term disability benefits are considered property of the bankruptcy estate.

(3)   Plaintiff's Motion to Stay Proceedings and/or Extension of Time to Move for Stay of Proceedings (Dkt. 17) is **DENIED** as moot.

**DONE AND ORDERED** at Tampa, Florida, on March 18, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1] Under section 222.18 of the Florida Statutes, disability benefits not already paid to the debtor are generally exempt, and not property of the bankruptcy estate. See In re Ryzner, 208 B.R. 568 (M.D. Fla. 1997); In re Prestien, 427 F.Supp. 1003 (S.D. Fla. 1977).